Per Curiam.

Decision whether the plaintiffs are entitled to cash instead of time-off compensation for overtime necessarily turns on the meaning to be accorded the Mayor’s Personnel Order (of April 10, 1964) which was promulgated as a sequel to negotiations between the Patrolmen’s Benevolent Association and the City of New York.
We agree with the result reached in the courts below. The only reasonable construction to be placed on the terms of the Personnel Order is that cash payments were to be made to those who worked overtime on the streets during the riots as ‘1 specifically directed by the Commissioner or Chief Inspector ” and that only time-off compensation for overtime was to be given those who worked at the precinct stationhouses or on other nonhazardous duties as “ directed by the Commissioner or his designated representative ’ ’. As the Justice at Special Term stated, “ [i]t seems clear that one performing clerical work indoors, even though working overtime because more patrolmen are needed outdoors during emergencies and because police work of all kinds necessarily increases then, is not working for the purpose of preventing ‘ loss of or danger to life and property during police emergency conditions ’ in the sense in which the patrolmen facing hazards in the streets and public places at those times is performing such duties.” (54 Misc 2d, at p. 410.)
If the parties had intended that overtime “ indoor ” work required of police officers during riots or other disturbances should be compensated for by cash payments, the collective bargaining agreement, as reflected in the Personnel Order, should have contained a provision to that effect.
*986 The order appealed from should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur; Judge Keating taking no part.
Order affirmed.